UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Z.D., by and through her parents and guardians, J.D. and T.D., individually, on behalf of THE TECHNOLOGY ACCESS FOUNDATION HEALTH BENEFIT PLAN, and on behalf of similarly situated individuals,<br><br>  Plaintiffs,<br><br>  v.<br><br>GROUP HEALTH COOPERATIVE, *et. al.*,<br><br>  Defendants. | No. C11-1119RSL<br><br>ORDER DENYING DEFENDANTS' MOTION TO CERTIFY |

This matter comes before the Court on Defendants' "Motion to Certify Washington State Law Question to the Supreme Court of Washington" (Dkt. # 31). Defendants disagree with the Court's conclusion that RCW 48.46.291 does not conflict with Washington's previously enacted Neurodevelopmental Therapy Mandate, RCW 48.44.450. They would like the Washington Supreme Court to rule on whether Defendant can "readily comply with both statutes simply by comporting with the parity requirements of RCW 48.46.291 for all covered individuals, keeping in mind that RCW 48.44.450 confers a more specific and more onerous requirement upon Defendants to provide 'neurodevelopmental therapies for covered individuals age six and under' without regard for parity." Order (Dkt. # 30) at 8–9. The Court DENIES the motion.

ORDER DENYING DEFENDANTS' MOTION TO CERTIFY - 1

The Court described the background facts underlying this matter in the Court's prior Order (Dkt. # 30). It will not repeat those facts here.

As Defendants contend, the Court has discretion to certify controlling issues of state law that are either novel or unsettled to the Washington Supreme Court. RCW 2.60.020; Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1, 294 F.3d 1085, 1086–87 (9th Cir. 2002). Certification is particularly appropriate when the question may have far-reaching effect or carries important public policy ramifications. Kremen v. Cohen, 325 F.3d 1035, 1037 (9th Cir. 2003) ("The certification procedure is reserved for state law questions that present significant issues, including those with important public policy ramifications, and that have not yet been resolved by the state courts.").

Notably, however, courts look with disfavor upon requests that come only after a federal court has ruled against the movant. "There is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision." Thompson v. Paul, 547 F.3d 1055, 1065 (9th Cir. 2008). "A party should not be allowed 'a second chance at victory' through certification . . . after an adverse district court ruling." Id.; accord In re Complaint of McLinn, 744 F.2d 677, 681 (9th Cir. 1984) ("Ordinarily such a movant should not be allowed a second chance at victory when, as here, the district court employed a reasonable interpretation of state law."); Cantwell v. Univ. of Mass., 551 F.2d 879, 880 (1st Cir. 1977) ("We do not look favorably, either on trying to take two bites at the cherry by applying to the state court after failing to persuade the federal court, or on duplicating judicial effort."); In re Mortg. Elec. Registration Sys. (MERS) Litig., No. 09–2119–JAT, 2011 WL 4571663, *1 (D. Ariz. October 3, 2011) ("[F]ederal courts disapprove of a party's request to certify an issue that has already been adversely decided against it . . . .").

Arguably, the Court could hang its hat on this presumption alone. Thompson, 547 F.3d at 1065. The Court notes though that, even ignoring this "strong presumption," the Court sees no justification for certifying. As the Court concluded in

ORDER DENYING DEFENDANTS' MOTION TO CERTIFY - 2

its previous Order (Dkt. # 30), this is not a close question.  Applying common and well-accepted principles of statutory construction, the Court readily concluded that no conflict exists between the Neurodevelopmental Therapy Mandate, RCW 48.44.450, and the Mental Health Parity Act, RCW 48.46.291.  Id. at 8–9.  The fact that the Washington legislature is apparently considering expanding the Neurodevelopmental Therapy Mandate to require coverage up to the age of 18, Mot. (Dkt. # 31) at 8, has no bearing on whether the legislature intended to require parity coverage under RCW 48.46.291—the statute in question.  To the contrary, it merely suggests that Washington is considering raising the floor of required coverage even higher.

Accordingly, Defendants' Motion is DENIED.

DATED this 19th day of December, 2011.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANTS' MOTION TO CERTIFY - 3