UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Z.D., by and through her parents and guardians, J.D. and T.D., individually, on behalf of THE TECHNOLOGY ACCESS FOUNDATION HEALTH BENEFIT PLAN, and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>GROUP HEALTH COOPERATIVE, *et. al.*,<br><br>Defendants. | No. C11-1119RSL<br><br>ORDER APPROVING SUBSTANCE OF PROPOSED CLASS NOTICE, REQUIRING DIRECT MAIL DELIVERY |

This matter comes before the Court *sua sponte*. On June 1, 2012, the Court found that "Defendants' official policy of denying coverage for medically necessary neurodevelopmental therapy to treat insureds with DSM-IV-TR mental health conditions simply because an insured is over the age of six violates the plain requirements of RCW 48.46.291." Dkt. # 78 at 13. It ordered Defendants to "immediately cease denying coverage" on the basis of age and to "notify each of their beneficiaries of this Court's Order." Id. It gave Defendants 21 days to submit their proposed notice to the Court. Id.

On June 22, 2012, Defendants submitted their initial proposed notice. Dkt. # 82. Seven days later, they submitted a revised notice approved by class counsel. Dkt. # 85. Defendants also notified the Court of their intent to provide the required notice in two

ORDER APPROVING SUBSTANCE OF PROPOSED
CLASS NOTICE, REQUIRING DIRECT MAIL DELIVERY - 1

tiers: general notice to all beneficiaries via Group Health's web site and direct mail notice to a more limited group of beneficiaries—those who "(1) have diagnostic codes (ICD-9 codes) for DSM-IV mental health conditions for which treatment with neurodevelopmental therapies may be or may have been medically necessary, and (2) requested a referral or submitted a claim to Group Health for neurodevelopmental therapies." Dkt. # 82. They indicated that the process of identifying the "direct mail" group may take up to four weeks. Dkt. # 83. Class counsel has indicated that it does not oppose Defendants' proposed two-tir system in the abstract, but makes clear that it will oppose Defendants' proposal if the resulting direct mail count is too low.

Having reviewed the substance of the revised proposed notice, the Court approves it. Like class counsel, however, the Court has serious concerns about the proposed two-tier system. The Court's notice requirement was intended to be remedial in nature—to provide notice of the Court's rulings and their entitlement to coverage to all beneficiaries who "require, or are expected to require, neurodevelopmental therapy for the treatment of a qualified mental health condition," Dkt. # 78 at 3. And the Court is not confident that the proposed two-tier system would reasonably guarantee that result. In the Court's experience, most people open and review their mail; few peruse their insurer's web site absent some external stimuli.

In sum, the Court approves of the substance of the revised notice (Dkt. # 85). It does not, however, approve of the proposed two-tier notice scheme. The Court ORDERS Defendants to provide the now-approved notice to each of its beneficiaries via direct mail within two weeks of the date of this Order.

DATED this 6th day of July, 2012.

                                                                Robert S. Lasnik
                                                                United States District Judge