1

HON. ROBERT S. LASNIK

2

3



4

**11-CV-01119-DOCTRM**

5

6

UNITED STATES DISTRICT COURT

7

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

Z.D., by and through her parents and

9

guardians, J.D. and T.D., individually, on behalf of THE TECHNOLOGY ACCESS

10

FOUNDATION HEALTH BENEFIT PLAN, and on behalf of similarly situated individuals,

11

Plaintiffs,

12

v.

13

GROUP HEALTH COOPERATIVE; GROUP

14

HEALTH OPTIONS, INC.; and THE TECHNOLOGY ACCESS FOUNDATION

15

HEALTH BENEFIT PLAN,

16

Defendants.

NO. 2:11-CV-01119-RSL

[JOINT PROPOSED]
ORDER GRANTING FINAL
APPROVAL TO SETTLEMENT
AGREEMENT PURSUANT TO
FRCP 23

**FINAL SETTLEMENT HEARING DATE:**
**October 3, 2013**

17

## I.   BACKGROUND

18

On August 19, 2013, this Court preliminarily approved a proposed Settlement

19

Agreement, attached hereto as *Exhibit 1* ("Agreement"), between the plaintiff classes

20

and defendants Group Health Cooperative and Group Health Options, Inc.

21

(collectively "Group Health"). Dkt. # 155. In conjunction with that Order, the Court

22

ordered Group Health to provide notice to class members by posting the notice on

23

Group Health's website. *Id.*, p. 2.

24

The Order provided that class members who wished to object or comment on

25

the proposed Agreement were required to do so by September 13, 2013. A subsequent

26

ORDER GRANTING FINAL APPROVAL TO SETTLEMENT
AGREEMENT PURSUANT TO FRCP 23 – 1
[Case No. 2:11-cv-01119-RSL]

Order extended that deadline to September 20, 2013. Class members were informed of their rights, and this deadline, in the notices.

The Order further scheduled a final settlement hearing, which was held on October 3, 2013, to consider objections and comments by class members and to determine whether the proposed Agreement is fair, reasonable, adequate, and should be approved by the Court. In addition to the records and filings in this case, the Court has reviewed and considered the Joint Motion for Preliminary Approval of Settlement Agreement (Dkt. #154), the Joint Motion for Final Approval of Settlement Agreement (Dkt. #158) and the Declaration of Richard E. Spoonemore (Dkt. #159).

The Court also heard from class counsel and counsel for defendants, and

_____

_____

_____.

## II.   FINDINGS

1.     The parties have reached a settlement of this case, the terms of which are set out in the Agreement attached to this order as *Exhibit 1*.

2.     This Agreement essentially locks in place the Court's Orders in this litigation, subject only to differing directives from a statute, regulation or a Final Decision (as defined in the Agreement) from a Washington State appellate court. The Agreement also provides a reasonable mechanism for payment of attorneys' fees and costs.

3.     The Court's August 19, 2013 Order required Group Health to provide notice by posting notice of the Agreement the Group Health website. The posted notice informed class members that they had an opportunity object or submit comments to the Court regarding the proposed Agreement. The August 19, 2013 Order

ORDER GRANTING FINAL APPROVAL TO SETTLEMENT
AGREEMENT PURSUANT TO FRCP 23 - 2
[Case No. 2:11-cv-01119-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

required that objections and/or comments be submitted in writing by September 13, 2013. A subsequent Order (Dkt. #157) extended the deadline to September 20, 2013.

4.      No objections from class members were received by the Court by that deadline, or thereafter. No comments from any class members were received by the Court or by the parties.

### III.  CONCLUSIONS

1.      Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Compromise and arbitration of complex litigation is encouraged and favored by public policy. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999).

2.      A presumption of fairness and adequacy attaches to a class action settlement reached in arm's-length negotiations by experienced class counsel after meaningful discovery. *See, e.g., 2 Manual for Complex Litigation* 3d, p. 240, ¶ 30.43.

3.      The following factors are generally considered when determining whether a settlement is fair, adequate and reasonable: the likelihood of success by plaintiffs; the amount of discovery or evidence; the settlement terms and conditions; recommendation and experience of counsel; future expense and likely duration of litigation; recommendation of neutral parties, if any; number of objectors and nature of objections; and the presence of good faith and absence of collusion. *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003).

4.      Based upon these factors, the Court finds that the Agreement is fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2).

5.      Specifically, the Court concludes that the Agreement was the result of arm's-length bargaining. It was reached after extensive discovery and motions practice. In fact, the Agreement does not, by itself, alter the rights of the parties as

ORDER GRANTING FINAL APPROVAL TO SETTLEMENT
AGREEMENT PURSUANT TO FRCP 23 – 3
[Case No. 2:11-cv-01119-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

determined by the Orders of the Court.  Rather, the Agreement locks those rights and obligations in place, subject only to change by statute, regulation or decisions from the Washington State appellate courts.   The Agreement serves both court and party economy by avoiding a redundant appeal when similar actions raising issues of Washington State law are already pending before the Washington State Supreme Court.   Finally, there is no evidence of collusion between the parties, and no side agreements or arrangements.

6.     The class was provided with adequate notice, and due process has been satisfied in connection with the distribution of the notice.  There were no objections to the proposed Agreement.

## IV.   ATTORNEYS' FEES AND COSTS

1.     Class counsel is entitled to attorneys' fees and costs under the Agreement.  Agreement, §11. No objections were received to class counsel's request for an award of fees and costs.

2.     Class counsel is also entitled to reimbursement of litigation costs and expenses.  Agreement, §11.  No objections were received to class counsel's request for an award of costs and expenses.

3.     Under the Agreement, Group Health had the option of either (1) paying class counsel's actual costs and lodestar fees, without a multiplier, or (2) having the Court resolve, without a right of appeal, the amount of attorney fees and costs it must pay class counsel.  Agreement, § 11.1.1-.2. Group Health has elected to have this Court determine the amount of fees and costs due to class counsel.

## V.   CASE CONTRIBUTION AWARDS

1.     Under the Agreement, Group Health has agreed, subject to Court approval, to pay an incentive award to the class representative in the amount of $5,000.

ORDER GRANTING FINAL APPROVAL TO SETTLEMENT
AGREEMENT PURSUANT TO FRCP 23 – 4
[Case No. 2:11-cv-01119-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

The Court finds this request reasonable, and approves a $5,000 payment to the class representative.

2.      No objections were received to the request for a case contribution award.

### VI.   ORDER

It is hereby ORDERED that:

1.      The Agreement attached hereto as *Exhibit 1* is approved as fair, reasonable and adequate under Federal Rule of Civil Procedure 23, and its terms shall bind class members.

2.      A case contribution award of $5,000 as set forth in §11.2 of the Agreement is approved.

3.      The Court will determine the amount of attorneys' fees and costs due class counsel. Class counsel shall file an opening brief, no longer than __12__ pages, by __November 1, 2013__. Group Health shall respond with a brief no longer than __12__ pages, by __November 18, 2013__. Class counsel's reply brief, no longer than __6__ pages, is due by __November 22, 2013__.

4.      The Court shall retain jurisdiction over this matter until the issue of the amount of attorneys fees and costs due to class counsel is adjudicated.

IT IS SO ORDERED.

DATED this __3rd__ day of __October__, 2013.

_____
Robert S. Lasnik
United States District Judge

ORDER GRANTING FINAL APPROVAL TO SETTLEMENT
AGREEMENT PURSUANT TO FRCP 23 – 5
[Case No. 2:11-cv-01119-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

1   Presented by:

2   SIRIANNI YOUTZ
3   SPOONEMORE HAMBURGER

4       */s/ Richard E. Spoonemore*
       Richard E. Spoonemore  (WSBA #21833)
5      Eleanor Hamburger  (WSBA #26478)
6      Attorneys for Plaintiffs

7   and

8   DAVIS WRIGHT TREMAINE, LLC

9       */s/ Rebecca Francis*
10     Douglas C. Ross (WSBA #12811)
       Rebecca Francis (WSBA #41196)
11     Attorneys for Defendants

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING FINAL APPROVAL TO SETTLEMENT
AGREEMENT PURSUANT TO FRCP 23 – 6
[Case No. 2:11-cv-01119-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

**Exhibit 1**

## AGREEMENT TO SETTLE CLAIMS

### *Z.D. v. Group Health Cooperative*, Cause No. C11-01119RSL,
### United States District Court, Western District of Washington

This Agreement to Settle Claims ("Agreement") is between plaintiff Z.D. ("Plaintiff") and the "Class" (as defined in ¶1.4), on the one hand, and defendants Group Health Cooperative and Group Health Options, Inc. ("Defendants"), on the other.   Plaintiff and Defendants are referred to collectively as the "Parties."   This Agreement is a full expression of the agreements between the Parties.

### RECITALS

This Agreement is made with reference to the following facts:

1.      Plaintiff Z.D., by and through her parents, commenced an action in July 2011 in the United States District Court for the Western District of Washington against Defendants Group Health Cooperative ("GHC") and Group Health Options, Inc. ("GHO"), on behalf of herself and others similarly situated.   In her complaint, Plaintiff, who is diagnosed with certain DSM-IV mental health conditions, alleged that Defendants had violated Washington's Mental Health Parity Act ("MHPA"), RCW 48.46.291, and her plan in denying her request for coverage of neurodevelopmental speech therapy.

2.      The parties litigated Defendants' motion to dismiss, and Plaintiff's motions to certify classes and for partial summary judgment.   On June 1, 2012, the Court certified an injunctive and declaratory relief class under FRCP 23(b)(1) and (b)(2).   The class consists of current and future beneficiaries of Defendants' ERISA- and MHPA-governed plans who "require, or are expected to require, neurodevelopmental therapy for the treatment of a qualified mental health condition."   Order Partially Granting Plfs' Mot. to Certify Class [Dkt. 78] at 21 (the "June 1, 2012 Certification Order").   The Court denied Plaintiff's request to certify a class under FRCP 23(b)(3).   In another order issued on June 1, 2012 (the "June 1, 2012 Summary Judgment Order"), the Court concluded Plaintiff was not required to exhaust administrative remedies or demonstrate futility, and it ordered Defendants to "immediately cease denying coverage for medically necessary neurodevelopmental therapy to treat insureds with DSM mental health conditions simply because an insured is over six years old" and to "immediately cease their application of any treatment limitations that are not generally 'imposed on coverage for medical and surgical services.'" *Z.D. v. GHC*, 2012 WL 1997705, at *13 (W.D. Wash. June 1, 2012).   In these June 2012 orders, the Court directed Defendants to notify all members of their ERISA- and MHPA-governed plans of the Court's findings. A true and correct copy of the June 1, 2012 Certification Order is attached as Appendix A, and of the June 1, 2012 Summary Judgment Order as Appendix B.

3.       On October 17, 2012, the Court certified under FRCP 23(b)(1) and (b)(2) three subclasses of current and past beneficiaries of Defendants' ERISA- and MHPA-governed plans who received medically necessary neurodevelopmental therapy when over the age of six to treat a qualifying mental health condition and whose treatment was not reimbursed by Defendants (the "incurred claims subclasses"). Order Granting in Part Plfs' Mots. for Class Certification & Summ. J. [Dkt. 119] at 11-13 (the "October 17, 2012 Order"). The Court found that exhaustion was futile, and required Defendants to accept, process and pay claims for medically necessary neurodevelopmental therapy that had either been denied or not submitted for payment in the past. The Court denied Plaintiff's request to certify a class of beneficiaries who never received neurodevelopmental therapy to treat a qualifying mental health condition, as well as Plaintiff's request to appoint a special master. The October 17, 2012 Order also required Defendants to notify Class Members of their rights under Defendants' affected plans.. *See Z.D. v. GHC*, 2012 WL 5033422 (W.D. Wash. Oct. 17, 2012). A true and correct copy of this Order is attached as Appendix C.

4.       On April 8, 2013, the Court denied Plaintiff's motion for partial summary judgment, and held Defendants' sixty-visit limit on its rehabilitation and neurodevelopmental therapy benefits does not violate the MHPA. The Court also concluded that Defendants have properly informed their members of the changes to their coverage of neurodevelopmental therapy, as mandated by the Court's June 1, 2012 Summary Judgment Order. A true and correct copy of the April 8, 2013 Order is attached as Appendix D.

5.       Plaintiff's counsel has filed other class action lawsuits against other health insurance carriers in both Washington state and federal courts regarding coverage for neurodevelopmental therapy for DSM-IV conditions.

6.       The Parties desire to enter into an agreement to fully and finally settle all disputes between them in a manner that is consistent with the existing Orders from the Court, subject to possible change if a final decision from the Washington State courts and/or if a legislative or regulatory change differs from any of the Court's Orders (Appendices A-D).

## AGREEMENT

1.   *Definitions.*

1.1      *"Action"* shall mean: *Z.D. v. Group Health Cooperative*, Cause No. C11-1119RSL, an action pending in the United States District Court for the Western District of Washington.

1.2      *"Agreement Execution Date"* shall mean: the date on which this Agreement is fully executed.

1.3    *"Case Contribution Award"* shall mean: any monetary amount awarded by the Court in recognition of the Named Plaintiff's assistance in the prosecution of this Action and payable pursuant to section 10.2. Class Counsel shall not ask for an amount to exceed $5,000.00

1.4    *"Class"* shall collectively mean: the class certified in the June 1, 2012 Certification Order, and the subclasses certified in the October 17, 2012 Order.

1.5    *"Class Claims"* shall mean: any and all claims for injunctive or declaratory relief relating to Defendants' coverage, denials, and/or consideration of requests for reimbursement for neurodevelopmental therapy coverage by or on behalf of Class Members as alleged in, or that could have been alleged in, the Action. Class Claims do not include claims for monetary damages incurred by Class Members, excepting any requests for reimbursement by members of the incurred claims subclasses as provided in the October 17, 2012 Order.

1.6    *"Class Counsel"* shall mean: SIRIANNI YOUTZ SPOONEMORE HAMBURGER.

1.7    *"Class Members"* shall mean: those individuals who comprise the Class, as defined in section 1.4.

1.8    *"Class Released Claims"* shall mean: subject to section 8 below, any and all claims for injunctive or declaratory relief related to the Class Claims. Class Released Claims do not include the release of any claims for damages incurred by Class Members, excepting any requests for reimbursement by members of the incurred claims subclasses as provided in the October 17, 2012 Order.

1.9    *"Court"* shall mean: the United States District Court for the Western District of Washington.

1.10   *"DSM"* shall mean Diagnostic and Statistical Manual of Mental Disorders.

1.11   *"Effective Date of Settlement"* shall mean: the date on which all of the conditions to settlement set forth in section 2 have been fully satisfied or waived.

1.12   *"ERISA Health Plans"* shall mean: plans defined in 29 U.S.C. § 1002(1) and covered by ERISA as set forth in 29 U.S.C. § 1003.

1.13   *"Final"* shall mean: with respect to any judicial ruling or order in the Action, that the period for any appeals, petitions, motions for reconsideration, rehearing or certiorari or any other proceeding for review ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that there has occurred a full and final disposition of any such Review Proceeding,

including the exhaustion of proceedings in any remand and/or subsequent appeal on remand.

1.14    *"Named Plaintiff"* shall mean:  Z.D., by and through her parents, J.D. and T.D.

1.15    *"Neurodevelopmental Therapy Mandate"* shall mean: RCW 41.05.170, RCW 48.44.450, RCW 48.46.520.

1.16    *"Mental Health Parity Act"* or *"MHPA"* shall mean: RCW 48.44.341, RCW 48.46.291, RCW 41.05.600.

1.17    *"Releasees"* shall mean: Defendants and their Successors-in-Interest and Representatives.

1.18    *"Representatives"* shall mean: representatives, attorneys, agents, directors, officers, employees, insurers, reinsurers and affiliates.

1.19    *"Settlement"* shall mean: the settlement to be consummated under this Agreement.

1.20    *"Successor-in-Interest"* shall mean: an entity's or person's estate, legal representatives, heirs, successors or assigns, and any other entity or person who can make a legal claim by or through such entity or person.

1.21    *"Z.D. Released Claims"* shall mean: subject to sections 8 and 9 below, any and all claims of any nature whatsoever pertaining to any claims asserted by Plaintiff in the Action, or claims that could have been asserted by Plaintiff in the Action, including claims for any and all losses, opportunity losses, damages, attorneys' fees, costs, expenses, contribution, indemnification or any other type of legal or equitable relief.

2.    *Conditions to Effectiveness of the Settlement.*

2.1    *General.*  The Settlement provided for in this Agreement shall not become binding unless and until each and every one of the following conditions in sections 2.2 through 2.4 have been satisfied or waived.

2.2    *Court Approval.*  The Settlement contemplated under this Agreement shall have been approved by the Court, as provided herein.  The Parties agree jointly to recommend to the Court that it approve the terms of the Agreement and the Settlement contemplated hereunder.  The Parties agree to undertake their best efforts, including promptly taking all steps and efforts contemplated by the Agreement, and any other steps or efforts which may become necessary by order of the Court (unless such order modifies the terms of this Agreement) or otherwise, to carry out this Agreement, including the following:

2.2.1   *Motion for Preliminary Approval and Notices.*  The Court shall have preliminarily approved the Agreement ("Preliminary Approval Order") and authorized the issuance of notice to the Class. Class Counsel shall make a motion for preliminary approval and authorization to send notice to the Class ("Preliminary Motion"). The Court must conclude that the notice to be sent fairly and adequately describes the terms of the Agreement, gives notice of the time and place of the hearing for final approval of the Settlement, describes how a Class Member may comment on, object to, or support the Settlement.  The Court must also conclude that the manner of providing the notice to Class Members is the best notice practicable under the circumstances.

2.2.2   *Issuance of Class Notice.*  On the date and in the manner set by the Court in its Preliminary Approval Order, Defendants shall have caused the Court-approved notice to be delivered to Class Members in the form and manner approved by the Court.  Because the class members have already received substantial direct mail notice of the Court's substantive rulings, and because this settlement does not affect those rulings, the Defendants will ask the Court to approve notice by website only. Plaintiffs agree not to take any position with respect to this request, leaving the final decision as to the form and scope of notice with the Court.    The Parties shall confer in good faith with regard to the form of notice.

2.2.3   *Fairness Hearing.*  On the date set by the Court in its Preliminary Approval Order, the Parties shall participate in the hearing ("Fairness Hearing"), during or after which the Court will determine by order (the "Final Order") whether: (i) the proposed Settlement between the Parties is fair, reasonable and adequate and should be approved by the Court; (ii) final judgment should be entered ("Judgment"); (iii) the requirements of FRCP 23 and due process have been satisfied in connection with the distribution of the notice; and (vi) to approve the payment of attorney fees and costs to Class Counsel as set forth herein, if necessary pursuant to Section 11.1.    The Parties covenant and agree that they will reasonably cooperate with one another in obtaining an acceptable Final Approval Order at the Fairness Hearing and will not do anything inconsistent with obtaining such a Final Approval Order.

2.3   *Finality of Final Approval Order.*  The Final Approval Order shall have become Final.

2.4 *No Termination.* The Settlement shall not have terminated pursuant to section 9, below.

3. *Releases.*

3.1 *Releases of the Releasees.* Subject to sections 8 and 9, upon the Effective Date of Settlement, Named Plaintiff on behalf of herself and on behalf of the Class absolutely and unconditionally releases and forever discharges Releasees from any and all Class Released Claims and Z.D. Released Claims to the same extent (neither more nor less) as claims would have been barred by operation of law in the event there had been no settlement and instead Court's Orders (Appendices A-D) had been incorporated into a final and unappealed judgment.

3.2 *Defendants' Releases of Named Plaintiff, the Class and Class Counsel.* Subject to sections 8 and 9, upon the Effective Date of Settlement, Defendants absolutely and unconditionally release and forever discharge the Named Plaintiff, the Class, Class Members and Class Counsel from any and all claims relating to the institution or prosecution of the Action.

4. *Appeals.*

4.1 *Plaintiff's Waiver of Appeals.* Subject to sections 8 and 9, upon the Effective Date of Settlement, Named Plaintiff on behalf of herself and on behalf of the Class waives any right she and/or Class Members may have had to appeal to the Ninth Circuit, to seek certification to Washington state appellate courts, or to seek certiorari in the United States Supreme Court, any issue raised, addressed, or that could have been raised or addressed in the Court's Orders (Appendices A-D).

4.2 *Defendants' Dismissal of Their Appeal and Waiver of Appeals.* Subject to sections 8 and 9, upon the Effective Date of Settlement, Defendants agree to dismiss their pending appeal from the June 1, 2012 Summary Judgment Order to the Ninth Circuit (Appendix B). Defendants also waive any right they may have had to appeal to the Ninth Circuit, to seek certification to Washington state appellate courts, or to seek certiorari in the United States Supreme Court, any issue raised, addressed, or that could have been raised or addressed in the Court's other Orders (Appendices A, C-D).

5. *Representations and Warranties.*

5.1 *Named Plaintiff.* Named Plaintiff represents and warrants that she has not assigned or otherwise transferred any interest in any Released Claims against any Releasees, and further covenants that she will not assign or otherwise transfer any interest in any Z.D. Released Claim or Class Released Claim.

5.2     *Parties.* The Parties, and each of them, represent and warrant that they are voluntarily entering into this Agreement as a result of arm's-length negotiations; in executing this Agreement they are relying upon their own judgment, belief and knowledge, and the advice and recommendations of their own counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof. The Parties, and each of them, represent and warrant that they have carefully read the contents of this Agreement; they have made such investigation of the facts pertaining to the Settlement, this Agreement and all of the matters pertaining thereto as they deem necessary; and this Agreement is signed freely by each person executing this Agreement on behalf of each party. Each individual executing this Agreement on behalf of any other Person does hereby represent and warrant to the other parties that he or she has the authority to do so.

6.   *No Admission of Liability.*     The Parties understand and agree that this Agreement embodies a compromise and settlement of disputed claims, and that nothing herein shall be deemed to constitute an admission of any wrongdoing by any of the Releasees. Neither the fact nor the terms of this Agreement shall be offered or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce this Agreement or arising out of or relating to the Final Order and motions for approval.

7.   *Coverage Agreements.*

7.1     *Agreement to Cover Neurodevelopmental Therapies for Class Members Consistent with the Court's June 1, 2012, October 17, 2012, and April 8, 2013 Orders, and as Represented to the Court.* Defendants agree to provide coverage of Class Members' neurodevelopmental therapy to treat qualifying DSM mental health conditions in a manner consistent with all Orders entered by the Court, attached to this Agreement as Appendices A-D.

7.2     *Coverage Modification Based on Subsequent Judicial Decisions and Statutory/Regulatory Changes.*

7.2.1     *Reduction or Elimination of Coverage Obligations.* In the event a statute, regulation, or Final Decision from a Washington State appellate court reduces or eliminates some or all of the obligations to cover neurodevelopmental therapies to treat DSM mental health conditions required by the Court's Orders, Defendants may reduce or eliminate the coverage ordered by the Court's Orders to that required by that statute, regulation or decision. A Final Decision from a Washington State appellate court is a decision of the

Washington Supreme Court or of any intermediate Court of Appeals that is not appealed within the time permitted for such appeals or that, if appealed, is not accepted for review.

7.2.2 *Increase in or New Coverage Obligations.* In the event a statute, regulation or Final Decision (as defined in ¶7.2.1) from a Washington State appellate court increases or imposes new obligations to cover neurodevelopmental therapies to treat DSM conditions beyond those required by the Court's Orders, Defendants must provide the coverage required by the statute, regulation or Final Decision from a Washington State appellate court.

7.2.3 *Amicus Permitted.* This Agreement does not restrict the right of either Party to seek amicus status in any case for any issue. The Parties also reserve all rights to assert any arguments in any amicus briefs they do file.

7.3 *Management of Care Permitted.* Nothing herein shall be construed to modify, waive, limit, or expand Defendants' obligations and/or ability to manage care or utilization, consistent with RCW 48.46.291(5).

7.4 *Internal and IRO Appeal Rights.* Nothing in this Agreement shall be construed to limit or affect a Class Member's appeal rights from any reimbursement decision made by Defendants, as set forth in the Class Member's plan or pursuant to applicable law. Nothing herein shall be construed to modify, waive, limit or expand the IRO rights contained in the Washington Patient's Bill of Rights.

8. **Effective Date and Termination Date of Settlement.**

8.1 *Effective Date.* This Agreement shall be fully effective and binding on the date on which all of the conditions to settlement set forth in section 2 have been fully satisfied or waived.

8.2 *Disputes Concerning the Effective Date of Settlement.* If Plaintiff and Defendants disagree as to whether each and every condition set forth in section 2 has been satisfied or waived, they shall promptly confer in good faith and, if unable to resolve their differences within ten (10) business days thereafter, shall present their dispute for determination to the Court, which shall retain jurisdiction for this purpose.

9. **Termination of Agreement to Settle Claims.**

9.1 *Court Rejection.* If the Court declines to approve the Settlement, and if such order declining approval has become Final, then this Agreement shall automatically terminate, and thereupon become null and void, on

the date that any such order becomes Final; provided, however, that if the Court declines to approve the Settlement for any reason, the Parties shall negotiate in good faith to cure any deficiency identified by the Court.

9.2    *Court Modification.*  If the Court issues an order in the Action modifying the Agreement and if within 31 days after the date of any such ruling the Parties have not agreed in writing to proceed with all or part of this Agreement as modified by the Court or by the Parties, then, provided that no appeal is then pending from such ruling, this Agreement shall automatically terminate, and thereupon become null and void, on the 31st day after issuance of the order referenced in this section.

9.3    *Appellate Court Reversal.*  If the Ninth Circuit Court of Appeals or U.S. Supreme Court reverses the Court's order approving the Settlement, and if within 91 days after the date of any such ruling the Parties have not agreed in writing to proceed with all or part of the Agreement as modified by the Ninth Circuit Court of Appeals or U.S. Supreme Court, or by the Parties, then, provided that no appeal is then pending from such a ruling, this Agreement shall automatically terminate and thereupon become null and void, on the 31st day after issuance of the order referenced in this section.

9.4    *Pending Appeal.*  If an appeal is pending of an order declining to approve the Settlement, this Agreement shall not be terminated until final resolution of dismissal of any such appeal, except by written agreement of the Parties.

**10.**    **Consequences of Termination.**  If the Agreement is terminated and rendered null and void for any reason, then the following shall occur:

10.1    *Reversion of Action.*  The Action shall revert to its status as of August 2, 2013.

10.2    *Releases, Waivers, and Terms Void.*  All Releases and Waivers given or executed pursuant to this Agreement shall be null and void and none of the terms of the Agreement shall be effective or enforceable.

**11.**    **Attorney Fees and Expense; Case Contribution Award.**

11.1    Defendants shall pay Class Counsel their attorney fees and costs, under either option 1 or 2, below.  Defendants shall make their election by August 9, 2013, or four business days after receipt of Class Counsel's time entries (with redactions, where appropriate) and cost ledger, whichever is later.

11.1.1  **Option 1: Payment of Lodestar without Multiplier.**  Defendants shall pay Class Counsel its fees, based on the lodestar method

without a multiplier in the sum of $308,226.  Defendant shall also pay Class Counsel's costs in the sum of $37,497.45.  Class Counsel shall petition the Court as part of the Fairness Hearing for approval of these fees and costs, and Defendants and their Representatives expressly agree not to contest or take any position with respect to these fees or costs.

11.1.2 *Option 2: Trial Court Resolution of Fees and Costs*.  The trial court, without a right of appeal from either party, will set the amount of fees and costs to be paid by Defendants.  The trial court shall award reasonable fees and costs to Class Counsel to be paid by Defendants, which the parties agree may be more or less than the amount of Class Counsel's fees and costs set forth in option 1, above.

11.2   Defendants shall pay a Case Contribution Award in a sum not to exceed $5,000.  Class Counsel shall petition the Court as part of the Fairness Hearing for approval of the Case Contribution Award.  Defendants and their Representatives expressly agree not to contest or take any position with respect to the Case Contribution Award.

11.3   *Disbursement of Fees and Cost, and Case Contribution Award.*  Attorneys' fees, costs and Case Contribution Award shall be fully paid within 30 days after the Final Approval Order has become Final.

12.   *Miscellaneous*

12.1   *Governing Law.*  This Agreement shall be governed by the laws of State of Washington without regard to conflict of law principles except to the extent such law may be pre-empted by federal law.

12.2   *Venue.*  If any action is necessary to enforce the provisions of this Agreement, venue shall be had in the Western District of Washington.

12.3   *Severability.* The provisions of this Agreement are not severable.

12.4   *Amendment.*  Before entry of a Final Approval Order, this Agreement may be modified or amended only by written agreement signed by or on behalf of all Parties.  Following entry of a Final Approval Order, this Agreement may be modified or amended only by written agreement signed on behalf of all Parties and approved by the Court.

12.5   *Waiver.*  The provisions of this Agreement may be waived only by an instrument in writing executed by the waiving party.  The waiver by any party of any breach of this Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

12.6     *Construction.*  None of the Parties hereto shall be considered to be the drafter of this Agreement or any provision thereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause the provision to be construed against the drafter thereof.

12.7     *Principles of Interpretation.*  The following principles of interpretation apply to this Agreement:

    12.7.1  *Headings.*  The headings herein are for reference purposes only and do not affect in any way the meaning or interpretation of this Agreement.

    12.7.2  *Singular and Plural.*  Definitions apply to the singular and plural forms of each term defined.

    12.7.3  *References to a Person.*  References to a person include references to an entity, and include successors and assigns.

12.8     *Further   Assurances.*    Each   of   the   Parties   agree,   without   further consideration, and as part of finalizing the Settlement hereunder, that they will in good faith promptly execute and deliver such other documents and take such other actions as may be necessary to consummate the subject matter and purpose of this Agreement.

12.9     *Survival.*  All representations, warranties and covenants set forth in herein shall be deemed continuing and shall survive the Effective Date of Settlement.

12.10   *Entire Agreement.*  This Agreement contains the entire agreement among the Parties relating to this Settlement.

12.11   *Counterparts.*  This Agreement may be executed by exchange of executed faxed or PDF signature pages, and any signature transmitted in such a manner shall be deemed an original signature.  This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which, when taken together, shall constitute one and the same instrument.

12.12   *Binding  Effect.*  This Agreement binds and inures to the benefit of the parties  hereto,  their  assigns,  heirs,  administrators,  executors,  and successors-in-interest,   affiliates,   benefit   plans,   predecessors,   and transferees, and their past and present shareholders, officers, directors, agents, and employees.

12.13   *Press Releases and other third party communications.*  The Parties agree to create and issue two joint press releases about this Agreement to be issued on (1) the date the parties move for joint approval of this Agreement and (2) the date the court finally approves, or rejects, this Agreement.  Unless

they mutually agree, the Parties will issue no further press releases other than these two agreed statements.  Notwithstanding the above, nothing in this Agreement prevents Plaintiffs, Defendants, Class Counsel or counsel for Defendants from advocating or lobbying for, or against, specific levels of coverage for neurodevelopmental or mental health parity, whether as part of any existing legislation or any proposed or contemplated legislation, or using the Agreement as part of any such efforts.

**SIGNATURES:**

**GROUP HEALTH COOPERATIVE,**

DATED: _____    By _____

_____

Its _____


STATE OF WASHINGTON   )
                      ) ss.
COUNTY OF KING        )

On this ____ day of _____, 2013, before me, the undersigned, a Notary Public in and for the State of Washington, duly commissioned and sworn, personally appeared _____, to me known to be the _____ of GROUP HEALTH COOPERATIVE, who executed the foregoing instrument, and acknowledged the said instrument to be the free and voluntary act and deed of GROUP HEALTH COOPERATIVE, for the uses and purposes therein mentioned, and on oath stated that s/he is authorized to execute the said instrument on behalf of GROUP HEALTH COOPERATIVE.

Witness my hand and official seal hereto affixed the day and year first above written.

_____

NOTARY PUBLIC in and for the State of _____, residing at _____
My commission expires:_____

**GROUP HEALTH OPTIONS, INC.,**

DATED: _____     By _____
                                        _____
                                        Its _____

STATE OF WASHINGTON     )
                        ) ss.
COUNTY OF KING          )

On this ____ day of _____, 2013, before me, the undersigned, a Notary Public in and for the State of Washington, duly commissioned and sworn, personally appeared _____, to me known to be the _____ of GROUP HEALTH OPTIONS, INC., who executed the foregoing instrument, and acknowledged the said instrument to be the free and voluntary act and deed of GROUP HEALTH OPTIONS, INC., for the uses and purposes therein mentioned, and on oath stated that s/he is authorized to execute the said instrument on behalf of GROUP HEALTH OPTIONS, INC..

Witness my hand and official seal hereto affixed the day and year first above written.

_____
NOTARY PUBLIC in and for the State of _____, residing at _____
My commission expires:_____

**Z.D., BY AND THROUGH HER PARENT J.D.**

DATED: _____     By _____

STATE OF WASHINGTON )
                    ) ss.
COUNTY OF KING      )

On this day personally appeared before me, the undersigned, a Notary Public in and for the State of Washington, duly commissioned and sworn, J.D., to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that she signed the same as her free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this _____ day of _____, 2013.

_____
NOTARY PUBLIC in and for the State of
_____, residing at _____.
My commission expires: _____.

Z.D., BY AND THROUGH HER PARENT **T.D.**

DATED: _____          By _____

STATE OF WASHINGTON   )
                                              ) ss.
COUNTY OF KING             )

On this day personally appeared before me, the undersigned, a Notary Public in and for the State of Washington, duly commissioned and sworn, T.D., to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that she signed the same as her free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this _____ day of _____, 2013.

_____
NOTARY PUBLIC in and for the State of
_____, residing at _____.
My commission expires: _____.

APPROVED:

SIRIANNI YOUTZ SPOONEMORE HAMBURGER

_____

Richard E. Spoonemore
Eleanor Hamburger
Attorneys for the Plaintiff and the Class


DAVIS WRIGHT TREMAINE LLP

_____

Douglas C. Ross
Rebecca Francis
Attorneys for Group Health Cooperative
and Group Health Options, Inc.