UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Z. D., by and through her parents and guardians, J.D. and T.D., individually, on behalf of THE TECHNOLOGY ACCESS FOUNDATION HEALTH BENEFIT PLAN, and on behalf of similarly situated individuals,<br><br>               Plaintiffs,<br><br>   v.<br><br>GROUP HEALTH COOPERATIVE, et al.,<br>               Defendants. | CASE NO. C11-1119 RSL<br><br>ORDER AWARDING ATTORNEYS' FEES AND COSTS |

    This matter is before the Court on Class Counsel's motion in support of attorneys' fees and costs. (Dkt. No. 162). The Court considered the motion, Defendants' response (Dkt. No.164), Class Counsel's reply (Dkt. No. 165), and all relevant documents. The Court GRANTS the motion and awards fees in the amount of $384,444.50. The Court awards costs in the amount of $35,834.95.

**Background**

Plaintiff Z.D., a minor diagnosed with certain DSM-IV mental health conditions, brought this case by and through her parents on behalf of herself and those similarly situated alleging Defendants violated Washington's Mental Health Parity Act, RCW 48.46.291, and her health plan by denying her request for coverage of neurodevelopmental speech therapy due to an age limitation. (Dkt. No. 3 at 4-5.) On June 1, 2012, this Court granted summary judgment on the issue of the age limitation and ordered Defendants to "immediately cease denying coverage for medically necessary neurodevelopmental therapy to treat insureds with DSM-IV-TR mental health conditions simply because an insured is over six years old." (Dkt. No. 77 at 25.) On October 17, 2012, this Court granted in part and denied in part Plaintiffs' motions for class certification. (Dkt. No. 119.) The Court granted the motion to certify an incurred claims subclass and found declaratory and injunctive relief appropriate, but denied a motion to certify a proposed surcharge subclass. (Id. at 23.)

On October 4, 2012, Plaintiffs brought a motion for partial summary judgment, arguing although Defendants ceased applying the age limitation to neurodevelopmental therapies, they began lumping "these therapies together for the purposes of applying an aggregate visit limit cap" in violation of the Mental Health Parity Statute and this Court's June 1, 2012 Order. (Dkt. No. 114 at 2.) The Court found the visit cap "on neurodevelopmental therapies to treat mental health disorders is allowed under the [Mental Health Parity] Act . . ." and denied Plaintiffs' request for summary judgment. (Dkt. No. 148 at 6.) The case later settled, and on October 4, 2013, the Court approved the Parties' final settlement agreement. (Dkt. No. 161.)

The only remaining issue in this case is attorneys' fees and costs. The settlement agreement states, "Defendants shall pay Class Counsel their attorney fees and costs," and allows

1  Defendants to elect for the "trial court, without a right of appeal from either party" to "set the
2  amount of fees and costs to be paid by Defendants." (Dkt. No. 161 at 16.) The agreement states
3  the court "shall award reasonable fees" to Class Counsel. (Id. at 17.) Defendants elected for the
4  Court to determine the fees.

5  In its motion for fees and costs, Class Counsel seeks a lodestar award of $349,495 in fees
6  and $35,834.95 in costs, plus a multiplier of 1.2. (Dkt. No. 162 at 2.) Defendants agree Class
7  Counsel should be "paid for their work and costs on the age limit claim" but argue there should
8  be no multiplier because Class Counsel failed in its attempts to certify a surcharge class and lost
9  motions regarding Defendants' compliance with this Court's June 1, 2012 Order. (Dkt. No. 164
10 at 16.)  Defendant also argues the fees related to the unsuccessful visit limit claim should be
11 excluded. (Dkt. No. 164 at 5-6.)

**Analysis**

13 The reasonableness of a fee award is determined "primarily by reference to the level of
14 success achieved by the plaintiff." McCown v. City of Fontano Fire Dept., 565 F.3d 1097, 1101-
15 02 (9th Cir. 2009). The first step in awarding reasonable fees is generally determining counsel's
16 "lodestar," a figure derived by "multiplying the number of hours reasonably spent on the
17 litigation by a reasonable hourly rate." Id. at 1102. Not all claims need to be successful to be
18 included in the lodestar calculation. Hensley v. Eckerhart, 461 U.S. 424, 435 (1983).

19 If unsuccessful and successful claims are related by a common core of facts or related
20 legal theories and the plaintiff obtained excellent results, full compensation may be appropriate.
21 Thorne v. El Segundo, 802 F.2d 1131, 1141 (9th Cir. 1986). However, even where successful
22 and unsuccessful claims are related, where the plaintiff achieved only "partial or limited
23 success," full compensation may be excessive. Id.  Unsuccessful claims which were not related

24

to successful claims may not be accounted for in the final fee award. Id. While the "test for relatedness of claims is not precise," related claims will involve a "common core of facts" or will be based on related legal theories. Id. Unrelated claims will be "distinctly different," based on different facts and legal theories. Id. Courts also consider "whether it is likely that some of the work performed in connection with the unsuccessful claim also aided the work done on the merits of the successful claim." Schwarz v. Sec'y of Health & Human Servs., 73 F.3d 895, 903 (9th Cir. 1995)(internal citations omitted).

Once the appropriate lodestar is calculated, fees may still be adjusted based on "factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975), that are not subsumed under the lodestar calculation." Crane-McNab v. Cnty. of Merced, 773 F. Supp. 2d 861, 882 (E.D. Cal. 2011). The Kerr factors include: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." Kerr, 526 F.2d at 70. Subsequent decisions have concluded that factors 2, 3, 8, and 9 are subsumed within the initial lodestar calculation. Cabrales v. Cnty. of Los Angeles, 864 F.2d 1454, 1464 (9th Cir. 1988), reinstated, 886 F.2d 235 (9th Cir. 1989).

Here, the Court finds Plaintiffs' successful and unsuccessful claims are related, and Plaintiffs' degree of success warrants the consideration of all claims in the lodestar. However, the Court finds the requested multiplier excessive and reduces it. Plaintiffs' failed visit limit

claim is related to the successful age limit claim because it was brought out of concern regarding the implementation of this Court's age limitation Order. (Dkt. No. 148 at 3.) Because visit limits became an issue out because of this Court's Order on the successful age limit claim, the two claims are part of one series of events and are related. In addition to finding the claims are related, the Court also finds in light of the excellent and significant results obtained by Class Counsel, it is appropriate to include Plaintiff's successful and unsuccessful claims in the lodestar. The Court accepts Plaintiffs' lodestar of $349,495. The Court further finds the contingent nature and significance of this case warrant a multiplier of 1.1, for a total fee award of $384,444.50. The Parties do not dispute Class Counsel's costs of $35,834.95.

**Conclusion**

The Court GRANTS Plaintiffs' motion for fees and costs and awards Class Counsel's full lodestar of $349,495. The Court further awards a multiplier of 1.1, for a total fee award of $384,444.50. Class Counsel is also awarded costs in the amount of $35,834.95.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 5th day of February, 2014.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER AWARDING ATTORNEYS' FEES AND
COSTS- 5